2019 PA Super 68

| | | |
|---|---|---|
| IN THE INTEREST OF: H.J., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: M.J., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1382 MDA 2018 |

Appeal from the Order Entered July 31, 2018
In the Court of Common Pleas of Luzerne County Juvenile Division at
No(s): CP-40-DP-0000234-2012

| | | |
|---|---|---|
| IN THE INTEREST OF: H.J., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: J.-M.J., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1383 MDA 2018 |

Appeal from the Order Entered July 31, 2018
In the Court of Common Pleas of Luzerne County Juvenile Division at
No(s): CP-40-DP-0000234-2012

BEFORE:   STABILE, J., DUBOW, J., and STEVENS*, P.J.E.

OPINION BY DUBOW, J.:                        **FILED MARCH 05, 2019**

Appellants, M.J. ("Father") and J.-M.J. ("Mother") appeal the July 31, 2018 Order granting the Petition filed by the Luzerne County Children and Youth Services ("the Agency") to change the goal of the permanency plan for their daughter, H.J. ("Child"), from Reunification to Adoption.  Father and Mother (together, "Parents") both aver that a permanency goal of Subsidized

_____
*   Former Justice specially assigned to the Superior Court.

Permanent Legal Custody ("SPLC") is in Child's best interest and have filed a Joint Brief in support of their respective appeals. Upon review, we consolidate the above-captioned appeals pursuant to Pa.R.A.P. 513 and affirm.

The parties are familiar with the extensive factual and procedural history in this case, and we need not restate them in detail here. Briefly, Father and Mother, who both have mild range intellectual disabilities, are married and are the biological parents of Child, who was born in August 2007, and her older sister, S.J. ("Sister"), who was born in June 2005. Child has developmental disabilities and a below-average I.Q. Sister has been diagnosed with Oppositional Defiant Disorder, Autism Spectrum Disorder, Attention Deficit Hyperactivity Disorder, and intellectual disabilities.

In September 2012, the trial court adjudicated Child and Sister dependent and removed the siblings from Parents' home until March 2014 when they returned home to the care of Parents.

On August 27, 2014, the Agency once again removed the siblings from Parents' home and placed them in foster care after receiving a report that Father sexually and physically abused the siblings.[1] In February 2015, the Agency placed the siblings in the pre-adoptive foster home of B.C and E.C., where Child remains. In November 2015, the Agency placed Sister in a residential treatment facility setting, where she remained at the time of this

---

[1] Child continues to make ongoing allegations of sexual abuse against Father, however, at the time of the Goal Change Hearing, all reports were ultimately determined to be unfounded.

appeal. In November 2016, Child began making ongoing disclosures that Sister sexually abused her. Child continued to have supervised visitation with Sister outside of the home, but expressed fear to have Sister visit within the home. Child has repeatedly expressed a desire to be adopted by her foster parents.

In February 2017, the Agency motioned the trial court to schedule a goal change hearing. Over several hearings, the trial court heard testimony from clinical psychologist Lenora Hermann Finn, Ph.D., Agency caseworker Paulette Patton, KidsPeace mobile therapist Janelle Buehring, court appointed special advocate ("CASA") Donna Vrhel, Devereaux clinician Dr. Abby Baker, and Agency supervisor Brian Steve.

On July 31, 2018, the trial court entered an Order changing Child's permanency goal to Adoption.[2, 3] Parents both filed a timely Notice of Appeal. Parents and the trial court complied with Pa.R.A.P. 1925.

Parents filed a Joint Brief and raise the following issue on appeal:

> Whether the trial court committed an error of law or otherwise abused its discretion in changing the subject minor Child's permanent placement goal from "Return to Parent or Guardian" to "Adoption" instead of "[SPLC.]"

Joint Brief at 6 (some capitalization omitted).

---

[2] The Order is dated July 20, 2018 but was not entered on the docket until July 31, 2018.

[3] The trial court changed Sister's permanency goal to SPLC.

We review an order regarding a placement goal of a dependent child under an abuse of discretion standard. *In re B.S.,* 861 A.2d 974, 976 (Pa. Super. 2004). "In order to conclude that the trial court abused its discretion, we must determine that the court's judgment was manifestly unreasonable, that the court did not apply the law, or that the court's action was a result of partiality, prejudice, bias or ill will, as shown by the record." *In re N.C.* 909 A.2d 818, 822-23 (Pa. Super. 2006) (citation and internal quotation marks omitted).

When this Court reviews a trial court's decision to change a permanency goal, we are bound by the facts as found by the trial court if they are supported by the record. *In re K.J.*, 27 A.3d 236, 241 (Pa. Super. 2011). In addition, it is the responsibility of the trial court to evaluate the credibility of the witnesses and resolve any conflicts in the testimony. *In re N.C.*, *supra* at 823. Accordingly, "the trial court is free to believe all, part, or none of the evidence." *Id*. (citation omitted). Provided the trial court's findings are supported by competent evidence, this Court will affirm, "even if the record could also support an opposite result." *In re Adoption of R.J.S.*, 901 A.2d 502, 506 (Pa. Super. 2006) (citation omitted).

It is well settled that the focus of all dependency proceedings, including goal change proceedings, is on the safety, permanency, and well-being of the child and the best interests of the child must take precedence over all other considerations. *In re A.K.*, 936 A.2d 528, 534 (Pa. Super. 2007). At each

dependency review hearing, the trial court must consider, *inter alia*, the continuing necessity for and appropriateness of the Child's placement, and the appropriateness and feasibility of the current placement goal for the child. 42 Pa.C.S. § 6351(f)(1), (4). If reunification with the child's parent is not in a child's best interest, the court may determine that Adoption is the appropriate permanency goal. *See* 42 Pa.C.S. § 6351(f.1)(2). "When the child welfare agency has made reasonable efforts to return a foster child to his or her biological parent, but those efforts have failed, then the agency must redirect its efforts towards placing the child in an adoptive home." *In re N.C., supra* at 823 (citation omitted). "This Court has held that the placement process should be completed within 18 months." *Id.* "A child's life simply cannot be put on hold in the hope that the parent will summon the ability to handle the responsibilities of parenting." *In re Adoption of M.E.P.*, 825 A.2d 1266, 1276 (Pa. Super. 2003) (citation omitted).

"A placement goal change to [A]doption does not terminate the parents' rights; however, it is a step in that direction." *In re N.C.*, *supra* at 824 (citation omitted). Ultimately, at a termination of parental rights hearing, a trial court must determine whether terminating parental rights is in a child's best interest, "with utmost attention to the effect on the child of permanently severing [the parent-child] bond." *In re N.A.M.*, 33 A.3d 95, 103 (Pa. Super. 2011). Adoption may not be an appropriate permanency goal if severing an

existent parent-child bond would have a detrimental effect on a child. ***See id.***

If a court determines that neither reunification nor adoption is in a child's best interest, the court may then determine that SPLC is the appropriate permanency goal. ***See*** 42 Pa.C.S. § 6351(f.1)(3). SPLC transfers permanent legal custody to a dependent child's legal custodian and, because it does not require the termination of parental rights, allows the trial court to permit continued visitation between parent and child when appropriate. ***In re B.S.***, 861 A.2d 974, 977 (Pa. Super. 2004).

In their sole issue on appeal, Parents aver that the trial court abused its discretion in changing Child's permanency goal to Adoption because the more appropriate permanency goal is SPLC and the court's decision is not supported by facts in the record. Joint Brief at 9-10. Parents argue that changing Child's permanency goal to Adoption when Sister's permanency goal is SPLC jeopardizes the sibling relationship. ***Id.*** at 9. Parents contend that it is in Child's best interest to maintain a close relationship with Sister and that severing the sibling bond will be to Child's great detriment. ***Id.*** In support of their argument, Parents reference the recommendations of Dr. Finn, Dr. Baker, and the siblings' Guardian *Ad Litem*, Jami Brown, Esq., that, in their opinion, it would be in the siblings' best interest to maintain a relationship. ***Id.*** at 10-12. Notably, in their brief two-and-a-half page Argument Section, Parents do **not** argue that severing the parent-child bond would have a

detrimental effect on Child or that reunification would be in Child's best interest. Parents' lone argument is that a goal change to Adoption is not in Child's best interest because it would sever the sibling bond. This argument lacks merit.

The trial court opined:

The Court finds that based upon the testimony received at multiple hearings, Mother and Father did not make necessary progress towards alleviating the circumstances that necessitated the placement of [Child]. . . . The [c]ourt is not making this decision lightly. The court realizes that the goal for [A]doption of H.J. may possibly lead to significant separation from [Sister]. However, the court must consider the best interests of both children. [Child] needs her permanency and has a family that is willing to adopt her. On the other hand, based on the expert's testimony, [Sibling] is at a diametrically opposed place in her treatment with a cloudy prognosis for remedying her current struggles. [Sibling] is not ready to live in a community setting as [Child] can. The court finds that [Child]'s life should not be put on hold for the sake of [Sister]. The court makes its ruling considering the best interests of both children. While [Sister]'s best interest at this time is the goal of SPLC, [Child]'s best interest at this time is to be adopted.

In conclusion, the Court finds that based on the testimony presented, the goal change to [A]doption is best suited to [Child]'s safety, protection, and physical and moral welfare. The court finds that [the Agency] met its burden in demonstrating that a goal change to [A]doption is in [Child]'s best interest. The current placement goal of return to parent is no longer appropriate and feasible and that the goal should be changed to [A]doption.

Trial Court Opinion, dated 9/17/18, at 26-27.

It is undisputed that Child has been in placement for well over 18 months, the Agency's efforts to reunify Child with Parents have failed, and Child is placed in a pre-adoptive foster home. The trial court made a finding that a goal change to Adoption is best suited to Child's safety, protection, and

physical and moral welfare and in Child's best interest. The Agency supervisor, Mr. Steve, and the CASA, Ms. Vrhel, both testified that a goal change to Adoption would be in Child's best interest. *See* N.T. Goal Change, 4/11/17, at 89-90; N.T. Goal Change, 8/10/17, at 8, 35, 39-40; N.T. Goal Change, 9/5/17, at 15. The Agency social worker, Ms. Patton, testified that reunification was not possible, Child needed permanency, and the foster parents meet all of Child's emotional, behavioral, and physical needs. *See* N.T. Goal Change, 10/3/17, at 69, 76-77. Accordingly, the record supports the trial court's finding that a goal change to Adoption is in Child's best interest. While Parent's argue that testimony from other witnesses supports a different permanency goal, it is the responsibility of the trial court to evaluate the credibility of the witnesses and resolve any conflicts in the testimony. *See In re N.C., supra* at 823. The certified record supports the trial court's findings, and, therefore, we decline to reweigh the testimony to support an opposite result. *See In re Adoption of R.J.S., supra* at 506.

To support their argument that SPLC is the appropriate permanency goal for Child, Parents fail to cite any legal authority that precludes a trial court from changing a child's permanency goal to Adoption if a sibling has a different permanency goal in a different placement setting. Parents likewise mischaracterize SPLC, and fail to cite any legal authority, when they argue that SPLC is a permanency goal that would guarantee sibling visitation. On the contrary, while a permanency goal of SPLC allows a trial court to permit

continued visitation between a **parent** and **child** when appropriate, it does not guarantee sibling visitation. *See In re B.S., supra* at 977. Finally, Parents disregard testimony from the Agency social worker that clearly explains a permanency goal of SPLC only guarantees parent-child visitation, and does not guarantee separately scheduled sibling visitation. N.T. Goal Change, 10/3/17, at 25, 82, 88-89. Accordingly, Parent's argument that SPLC is the appropriate permanency goal for Child because it will allow continued sibling visitation lacks merit.

Moreover, our review of the record belies Parents' claim that a goal change to Adoption would definitely sever the sibling bond. The CASA, Ms. Vrhel, testified that the foster parents "seem to feel that [the siblings] should maintain contact with one another, so I would [b]e hopeful that they would continue in that relationship." N.T. Goal Change, 8/10/17, at 25. The Agency social worker, Ms. Patton, testified that Child's foster parent was transporting Child to see Sister at the residential treatment facility, despite financial difficulties facilitating the visitation, when the facility failed to provide transportation. N.T. Goal Change, 10/3/17, at 74-75. Accordingly, any claim that a goal change to Adoption would definitely sever the sibling bond is speculative at best.

In conclusion, the record supports a goal change to Adoption and we find no abuse of discretion.

Appeals consolidated; Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/5/2019